IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RASHAD C. LEE, # 213823, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 2:19cv471-MHT |
| ) | (WO) |
| GWENDOLYN GIVENS, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by state inmate Rashad C. Lee ("Lee") on June 1, 2019.[1] Doc. # 1.[2]

Lee seeks the vacatur of his 2000 Bullock County guilty plea conviction for murder, for which he was sentenced to life in prison. He argues that the prosecution breached a plea agreement not to protest his eligibility for parole when he otherwise would have been granted parole at his parole-review hearings, the most recent of which was in November 2018. *See* Doc. # 1 at 5 & 12; Doc. # 1-1 at 1. He maintains that before he pled guilty in

---

[1] Although the petition is date-stamped as "received" on July 2, 2019, Lee represents that he signed the petition and placed it in the prison mailing system on June 1, 2019. Under the mailbox rule, a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999).

[2] References to "Doc(s). #" are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

2000, both the prosecution and his trial counsel assured him that the prosecutor's office would not protest his eligibility for parole when he came up for parole consideration. Doc. # 1-1 at 1. According to Lee, during his November 2018 parole hearing, he learned that the prosecution had submitted a letter protesting his parole eligibility at that hearing and at his previous parole-review hearings. *Id*. He contends that the prosecution's failure to keep its promise not to protest his parole eligibility renders his guilty plea involuntary.[3] *Id*.

For the reasons that follow, it is the recommendation of the Magistrate Judge that Lee's § 2254 petition be dismissed as a successive petition filed without the required appellate court authorization.

## II.   DISCUSSION

This court's records reflect that Lee has filed several prior petitions for habeas corpus relief under 28 U.S.C. § 2254 challenging his murder conviction and life sentence. Lee filed the first such § 2254 petition in this court on September 30, 2005. *See Lee v. Mitchem,* Civil Action No. 2:05cv968-WKW (M.D. Ala. 2006). In that action, this court denied Lee relief and dismissed his claims with prejudice, finding his petition to be time-barred under 28 U.S.C. §2244(d). *Id*., Docs. # 22, 26 & 27.

Lee filed a second § 2254 petition in this court challenging his murder conviction and life sentence on March 19, 2009. *See Lee v. Giles*, Civil Action No. 2:09cv234-TMH (M.D. Ala. 2009). This court dismissed that petition under the provisions of 28 U.S.C.

---

[3] Lee argues that his 2000 guilty plea should be set aside, "because specific performance would be pointless because the harm has been done and is irreparable now." Doc. # 1-1 at 1. Thus, Lee's petition does not present a challenge to the denial of parole and to defects in the parole proceedings, but instead constitutes a challenge to his conviction and sentence.

2

§ 2244(b)(3)(A), because it constituted a second or successive habeas petition filed without the required authorization from the Eleventh Circuit Court of Appeals. *Id.*, Docs. # 5, 12 & 13.

Lee filed a third habeas petition in this court on July 22, 2013. *See Lee v. Estes,* Civil Action No. 2:13cv797-WHA (M.D. Ala. 2013). Although Lee styled that petition as one for relief under 28 U.S.C. § 2241, this court construed the petition as one filed under § 2254, because it attacked Lee's murder conviction and life sentence. The court then dismissed that petition under the provisions of § 2244(b)(3)(A), because it constituted a successive habeas petition filed without the required authorization of the Eleventh Circuit Court of Appeals. *Id.*, Docs. # 3, 5 & 6.

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[4] 28 U.S.C. § 2244(b)(3)(B) & (C).

---

[4] Section 2244(b)(1) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

3

Lee's instant § 2254 petition is a successive petition challenge to his 2000 conviction and sentence and is therefore subject to the limitations of § 2244(b). Lee furnishes no certification from the Eleventh Circuit Court of Appeals authorizing this court to proceed on his successive petition for habeas corpus relief. "Because this undertaking [is a successive] habeas corpus petition and because [Lee] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (providing that, without an order from the court of appeals authorizing the district court to consider a successive habeas petition, the district courts lack jurisdiction

---

28 U.S.C. § 2244(b)(1).

Section 2244(b)(2) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
>    (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>    (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

to consider the petition). Consequently, this case is due to be summarily dismissed. *See id*. at 934.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Lee's § 2254 petition for writ of habeas corpus be DISMISSED for lack of jurisdiction, because it is a successive petition filed without the required authorization of the Eleventh Circuit Court of Appeals, 28 U.S.C. § 2244(b)(3)(A).

It is further

ORDERED that on or before July 23, 2019, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 9th day of July, 2019.

                         /s/ Charles S. Coody
                         CHARLES S. COODY
                         UNITED STATES MAGISTRATE JUDGE